UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTHONY CAGLE,

    Plaintiff,

v.

                              Case No. 10-13450

                              Hon. John Corbett O'Meara

JEFFREY WEBER, *et al.,*

    Defendants.
                                        /

**OPINION AND ORDER GRANTING
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

This matter came before the court on Defendants Weber & Olcese, P.L.C., Jeffrey Weber, and Michael Olcese's motion for summary judgment, filed May 3, 2011. Plaintiff filed a response on July 22, 2011, and Defendants submitted a reply on August 3, 2011. Defendants also filed a supplemental brief on August 9, 2011. The parties waived oral argument.

**BACKGROUND FACTS**

Defendants Jeffrey Weber and Michael Olcese are principals of the law firm Weber & Olcese, P.L.C. ("W&O"), which provides debt collection services. Under Michigan law, a licensed court officer is authorized to seize a judgment debtor's property to satisfy a judgment. See M.C.R. 3.106. In cases where W&O resorts to the seizure of property, the firm uses the services of Defendant Robert Reznick and his company, Due Process of Michigan, Inc. Reznick is an approved court officer for some district and circuit courts in Michigan. He is also a sheriff's deputy for the Coleman, Village of Morris, and City of Perry police departments and is deputized by the Gladwin County and Midland County sheriff's departments. Plaintiff contends that Reznick has been banned from executing orders to seize property in certain courts, but that

W&O uses his services nonetheless.

Plaintiff Anthony Cagle, and his business, City Wide Roofing and Construction, have been defendants in several civil cases involving debts. According to Plaintiff, Reznick has served approximately seven to ten orders to seize property at his business address in Dearborn Heights, Michigan.

On April 12, 2007, W&O obtained a default judgment against City Wide Roofing and Construction on behalf of Ameritech Publishing, Inc., in the amount of $12,881.42. Subsequently, W&O submitted to the court the standard SCAO request for an order to seize property, which was entered on June 25, 2007. W&O assigned Reznick to serve the order to seize property.

On August 16, 2007, Reznick and two others came to Plaintiff's business at about 6:00 or 7:00 p.m. to serve the Ameritech order as well as one involving creditor Belfour Construction. Although the shop was closed, Plaintiff opened the door for Reznick. Reznick allegedly showed him a badge and "said he was there for money." Plaintiff asked for "a little bit of time." Reznick allegedly walked in and said that he wasn't leaving until Plaintiff paid some money. Reznick told Plaintiff to call his mother (who owns the building) or he was going to padlock the building doors. Plaintiff called his mother, who brought cash. Plaintiff paid $1,900 of the Ameritech debt and $1,456.61 of the Belfour debt. Reznick did not seize any property.

Reznick returned on August 28, 2007, at approximately 8:00 p.m. Again, Plaintiff opened the door. Reznick stated that he was there for money. Another employee, Brant Trumbo, went to his house to get $1,000. Plaintiff called his mother and told her that he needed $1,000 in case Trumbo didn't come back. Trumbo did return, however, and gave the cash to

Reznick; no property was seized.  Plaintiff has not had contact with Reznick since.

## LAW AND ANALYSIS

Plaintiff has brought a 42 U.S.C. § 1983 claim against W&O, Weber, Olcese, Reznick, and Due Process of Michigan for "conspiring to and, in fact, violating Plaintiff's civil rights."[1] Compl., Count I.  W&O, Weber, and Olcese seek summary judgment in their favor.  See Fed. R. Civ. P. 56.

As a matter of law, W&O, Weber, and Olcese cannot be held vicariously liable under § 1983 for the acts of Reznick based solely upon their business relationship with him.  See e.g., Rodriguez v. Due Process of Michigan, 2008 WL 4449651 at *9 (E.D. Mich. Sept. 30, 2008); Street v. Corrections Corp. of America, 102 F.3d 810, 817-18 (6th Cir. 1996).  "[A] corporation acting under color of state law will only be held liable under § 1983 for its own unconstitutional policies." Sanders v. Sears, Roebuck & Co., 984 F.2d 972, 975-76 (8th Cir. 1993) (citing Monell v. Department of Social Servs., 436 U.S. 658, 690 (1978)).  "It is only where the plaintiffs can show that the corporation directly caused the constitutional violation by instituting an official policy of some nature that was the 'direct cause' or 'moving force' behind the constitutional violations that a corporation may be held liable for the acts of its employees." Rodriguez, supra, at *9.  In this case, Reznick is not an employee of W&O; further, Plaintiff does not allege that W&O has an official policy that is the moving force behind Reznick's alleged constitutional violations.  Accordingly, these defendants are entitled to summary judgment on Plaintiff's § 1983 claim.  See also Bairactaris v. Weber, No. 10-10983 (E.D. Mich. 2010) (O'Meara, J.).

---

[1] Plaintiff also alleged several state claims, over which the court declined to exercise supplemental jurisdiction.

Recognizing that his § 1983 claim is not viable, Plaintiff seeks to hold W&O, Weber, and Olcese liable for conspiring to violate Plaintiff's rights.  In order to prevail on a conspiracy claim, Plaintiff must show that a private individual and a state official conspired to violate Plaintiff's rights.  To establish a claim of conspiracy, a party must demonstrate "a combination of two or more persons, by some concerted action, to accomplish a criminal or unlawful purpose or accomplish a lawful purpose by criminal or unlawful means." Temborius v. Slatkin, 157 Mich. App. 587, 599 (1987).  "The agreement, or preconceived plan, to do the unlawful thing is the thing which must be proved." Id. at 600.

Plaintiff alleges that W&O knew that Reznick had a "long history of violating civil rights," denied this knowledge, and instructed employees not to maintain written records of complaints regarding Reznick.[2]  As the court discussed in Bairactaris, W&O's *knowledge* of alleged past civil rights violations committed by Reznick, and their use of Reznick's services nonetheless, does not establish an *agreement* between the parties to accomplish an unlawful purpose.  Knowledge of illegal conduct, association with conspirators, or passive acquiescence in unlawful activity is insufficient, as a matter of law, to establish the agreement necessary to sustain a conspiracy claim.  See, e.g., In re Welding Fume Prods. Liability Litigation, 526 F. Supp.2d 775, 803 (N.D. Ohio 2007); In re Reciprocal of America Sales Practices Litigation, 2006 WL 1699403 (W.D. Tenn. June 13, 2006).  In this way, this case is indistinguishable from

---

[2] Plaintiff refers to "Exhibit R," which is a 13-page narrative discussing W&O's knowledge of various complaints against Reznick.  The court finds that Exhibit R is not a proper exhibit and is in direct violation of the court's order allowing Plaintiff to file a 25-page brief. See July 19, 2011 Order [Docket No. 28]. Rather than editing his brief, Plaintiff simply carved out a section and appended it as Exhibit R.  The court will strike Exhibit R.  Even if it were considered, however, the result in this case would be the same.

<u>Bairactaris</u> and the result must be the same. The court will dismiss Plaintiff's conspiracy claim against W&O, Weber, and Olcese.

## **ORDER**

IT IS HEREBY ORDERED that Defendants Weber & Olcese, P.L.C., Jeffrey Weber, and Michael Olcese's motion for summary judgment is GRANTED.

IT IS FURTHER ORDERED that Exhibit R to Plaintiff's response brief [Docket No. 31-5] is STRICKEN.

                                                      s/John Corbett O'Meara
                                                      United States District Judge

Date:  August 26, 2011

I hereby certify that a copy of the foregoing document was served upon counsel of record on this date, August 26, 2011, using the ECF system.

                                                       s/William Barkholz
                                                      Case Manager